**Richard H. Rizk, OSB 901105**
Email: rich@rizklaw.com
**Alexander W. Pletch, OSB 174384**
Email: alex@rizklaw.com
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF OREGON

MULTNOMAH DIVISION

| | |
|---|---|
| **LEO HALL**, and **DEBRA HALL**, Individually and in their marital capacity, <br><br> Plaintiff, <br><br> v. <br><br> **SPENCER K. PERRY**, in his individual and official capacity, and **CITY OF PORTLAND**, by and through Portland Police Bureau, <br><br> Defendants. | NO.: 3:20CV-00431-YY <br><br> **SECOND AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Leo Hall (hereafter "Mr. Hall") and Debra Hall (hereafter "Mrs. Hall") (collectively with Mr. Hall, hereafter "the Halls"), by and through their undersigned attorneys of record, for their complaint against Spencer K. Perry (hereafter "Mr. Perry"), in his individual and official capacity, and City of Portland (hereafter "Portland") (collectively with Mr. Perry, hereafter "Defendants"), by and through Portland Police Bureau (hereafter "PPB"), allege as follows:

///

///

1 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983, and analogous state law claims brought under color of Oregon law pursuant to 28 U.S.C. § 1367, as secured respectively by the Fourth and Fourteenth Amendments to the United States Constitution, and applicable State of Oregon statutory and common law.

2. The Halls suffered personal injury, and deprivation of constitutional and state law rights, due to the actions and omissions of Defendants, described further below.

3. Mr. Hall provided Defendants with timely notice of his claims arising under Oregon law, pursuant to ORS 30.275, on or about December 20, 2018.

## JURISDICTION AND VENUE

4. The Halls reallege Paragraphs 1-3 and incorporate each by reference as if set forth fully herein.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, respectively, based upon Defendants' timely notice of removal pursuant to 28 U.S.C. § 1441.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims herein alleged occurred within the confines of said judicial district.

## PARTIES

7. The Halls reallege Paragraphs 1-6 and incorporate each by reference as if set forth fully herein.

8. At all material times herein, Mr. Hall, individually and in his marital capacity, was an individual residing in Lane County, Oregon.

9. At all material times herein, Mrs. Hall, individually and in her marital capacity, was an individual residing in Lane County, Oregon.

10. At all material times herein, Mr. Perry was employed in his official capacity as a PPB officer and acted under color of law.

2 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

11. At all material times herein, Portland was a municipal corporation duly chartered and authorized under Oregon law, and principally based in Multnomah County, Oregon.

12. At all times material herein, PPB was an agency of Portland, duly authorized to enforce federal, state, and municipal law and/or regulations on Portland's behalf, and principally based in Multnomah County, Oregon.

13. At all material times herein, Portland by and through PPB acted under color of law, and within the course and scope of its duly authorized governmental authority.

14. Mr. Perry is sued in his individual capacity as relates to claims under color of law pursuant to 42 U.S.C. § 1983. Mr. Perry is sued in his official capacity as relates to claims under course and scope of his employment pursuant to laws of the State of Oregon.

15. All material events establishing liability for the claims set forth below took place in Multnomah County, Oregon.

## FACTUAL ALLEGATIONS

16. The Halls reallege Paragraphs 1-15 and incorporate each by reference as if set forth fully herein.

17. On the afternoon of August 4, 2018, the Halls drove to Portland to visit relatives. At said time and place, the Halls ran into various political demonstration-related road closures near downtown SW Portland, respectively on Naito Parkway and 1st Avenue. Due to the road closures, and Mr. Hall's personal passion for urban photography, the Halls decided to park their car in downtown Portland. They walked toward the downtown intersection of SW 1st Avenue and SW Columbia Street.

18. At said time and place, it would have been apparent to any reasonable observer that the Halls were not involved with the political demonstrations nor otherwise posed a threat or danger to anyone, including Portland, by and through PPB, and Mr. Perry. To wit, the Halls are

3 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

an elderly couple, and Mr. Hall then and still requires a cane to walk.

19. At said time and place, two counter demonstration groups at worst shouted impolite comments and/or opposing political views at one another. However, at no time did either group, or any of their individual members, engage or attempt to engage in any acts of violence against persons, property, or otherwise.

20. At said time and place, Portland, PPB, or PPB's individual officers, including Mr. Perry, had no reason to believe, that these demonstrators intended violence, whether against persons, property, or otherwise, or had actually engaged in any violent or otherwise illegal actions during the demonstration. To wit, PPB had thoroughly cordoned off the two groups from one another, and no individual on either side attempted to break through.

21. Due to his passion for urban photography, and the historical relevance of the political demonstrations, Mr. Hall walked over to the sidewalk at the intersection of Naito Parkway and SW Columbia Avenue to take pictures of and film the demonstrations occurring nearby.

22. At said time and place, Mrs. Hall walked to the top of a public stairwell between Naito Parkway and SW 1st Avenue on SW Columbia Avenue to find a place to sit down.

23. At no time did the Halls engage with the demonstrators, nor was there any evidence nor any reason to believe that the Halls were participating in the demonstration. To wit, Mrs. Hall remained seated away from both demonstrations, and Mr. Hall stood on a public sidewalk segregated from both demonstrations.

24. At or near said time and place, Portland, by and through PPB officials, duly authorized its on-duty police officers, including Mr. Perry, to break up the demonstration by any means necessary.

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

25. At said time and place, a flatbed truck with giant speakers, driven by PPB's officers, drove up and announced on the loudspeakers for people to clear the streets, with the intent to break up the demonstration by any means necessary.

26. At said time and place, an artillery of PPB's officers, on behalf of Portland, and fully equipped in militaristic riot gear, marched north up 1st Avenue toward the peaceful demonstration, with the intent to break up the demonstration by any means necessary.

27. At said time and place, despite the lack of any violent actions by the demonstrators, and without any warning, PPB officers began firing ballistic flashbang and tear gas grenades into the crowd.

28. At said time and place, the peaceful demonstration erupted into chaos due to the unexpected barrage of flashbang and tear gas grenades exploding on and around the demonstrators. The demonstrators fled almost immediately.

29. At said time and place, and despite the chaos, a myriad of civilians, including not just demonstrators but unwitting bystanders like Mr. Hall, pleaded with the oncoming PPB officers to stop firing grenades at the peaceful demonstration.

30. At said time and place, and though the PPB officers had only ordered demonstrators to clear the streets, an as-yet-unknown PPB unknown officer ordered Mr. Hall to retreat from the public sidewalk on which he stood. Mr. Hall followed the officer's orders, and walked north up SW Columbia Avenue toward its intersection with SW 1st Avenue. Due to his age and use of a cane, he could not keep pace with the ensuing artillery of PPB officers, including Mr. Perry.

31. At said time and place, as Mr. Perry approached Mr. Hall, Mr. Perry actually did recognize, or in the exercise of reasonable care should have recognized, that Mr. Hall was not

5 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

engaged in the demonstration, but was an unwitting and elderly bystander standing on a public sidewalk. To wit, a reasonable officer would have noted:

   a) Mr. Hall's age;

   b) Mr. Hall's need of a cane;

   c) The only objects in his hands were not openly and obviously not dangerous, to wit, a walking cane and a camera;

   d) He was clearly photographing and/or filming the demonstration from approximately from a public sidewalk; and

   e) Mr. Hall did not otherwise give rise to even a reasonable suspicion that he had, was, or was about to act in such a way as to pose a danger to officers, civilians, or property.

32.     At most, it would have been obvious to a reasonable officer that Mr. Hall's only arguable involvement in the protest was his imploring officers, including Mr. Perry, to stop firing grenades on unarmed civilians.

33.     At said time and place, as Mr. Perry approached Mr. Hall on the public sidewalk, he gave Mr. Hall a menacing glare. Mr. Hall asked for his name and badge number.

34.     At said time and place, Mr. Perry responded to Mr. Hall's identification request by turning his metal baton sideways in both hands, and bashing it into Mr. Hall's chest and arms.

35.     At said time and place, Mr. Perry's attack on Mr. Hall's person, coupled with Mr. Hall's open and obvious vulnerability as an elderly man with a cane, foreseeably caused Mr. Hall to fall onto the concrete.

36.     At said time and place, Mr. Hall could not brace for the fall. He smashed his haunch, hips, and then head on the concrete.

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

37. At said time and place, Mr. Hall, an elderly and disabled gentleman who had committed no crime, had not joined in the demonstration, and had committed no worse conduct than begging police to cease firing on unarmed civilians, suffered a substantial concussion caused by his head breaking open on the pavement.

38. At said time and place, Mr. Perry stepped over the elderly and disabled unconscious man he had just attacked, and carried on without any further contact.

39. At no point did any other police officer stop to check on the elderly man lying next to his cane.

40. Ironically, only medics within the attacked demonstration, came to Mr. Hall's aid.

41. At all material times, Mr. Hall was an elderly and disabled man who had legitimate but well-controlled mental health conditions, cognitive deficits due to prior head injuries throughout the course of his 60 years of life, and chronic but manageable physical deficits common in people his age.

42. Due to the attack on his person by Mr. Perry, Mr. Hall suffered not just substantially worsened and permanent aggravations of his underlying symptomatic and controlled conditions, but new and acute injury to his emotional, psychological, and physical wellbeing. His new and aggravated conditions caused by the attack include but are not limited to:

   a) Open Head Injury;

   b) Traumatic Brain Injury;

   c) Concussion with Loss of Consciousness;

   d) Aggravations of TBI-related cognitive and sensory deficits caused by prior falls, including photophobia, memory-recall deficit, and difficulty controlling emotional response to stimuli;

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

e) Aggravation of stable, previously-infirm depression;

f) Aggravation of previously well-controlled anxiety;

g) Aggravation of other, previously stable or mild mental health conditions, including bipolar disorder;

h) Aggravation of previously well-controlled chronic pain in back and extremities;

i) Mild neurocognitive disorder, of which this attack was a substantial factor along with several preexisting etiologies; and

j) Posttraumatic Stress Disorder, secondary to police assault, triggered by contemporaneous activities including photography, police, and highly populated public areas, with secondary panic attacks.

43. Due to the injuries described above, Mr. Hall suffered, continues to suffer, and will continue to suffer in the future, damages described below.

44. Due to the attack on her husband, Ms. Hall has lost the companionship, support, love, and relationship she had with her husband, Mr. Hall, and has suffered and continues to suffer damages described below.

45. Defendants, vicariously, and/or individually as respective to each claim hereafter described, are responsible for said injuries, loss of companionship, and relatable damages as follows:

## COUNT I

## OTCA – ASSAULT

46. The Halls realleges Paragraphs 1-45 and incorporate each by reference as if set forth fully herein.

47. Mr. Hall alleges Count I against Portland.

8 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

48. At all times material herein, Mr. Perry acted within, and in furtherance of the duties pursuant to, the course and scope of his employment with PPB.

49. At all times material herein, PPB acted within, and in furtherance of the duties to, its authorized powers directed and controlled by Portland. As such, Portland, is vicariously liable for PPB's conduct, including actions and omissions committed by PPB's agent Mr. Perry.

50. At all material times herein, Portland, by and through its agents as described above, knew or in the exercise of reasonable care knew that Mr. Hall did not and had not acted in a way justifying any use of force against his person. To wit, regardless of whether Portland had reason to disburse the demonstrators, Mr. Hall stood at least one to two blocks from the demonstrators, lawfully stood on a public sidewalk, did not disobey any orders, and did not act in any way suggesting that he posed a threat of violence to Mr. Perry or any other person.

51. At said time and place, and despite the knowledge articulated in Paragraph 50, Mr. Perry intended to cause Mr. Hall reasonable fear of an imminent and/or offensive contact, without any lawful basis for doing so.

52. At said time and place, albeit momentarily, and despite his surprise, Mr. Hall actually did see and reasonably fear that a harmful or offensive contact would occur, without any lawful basis to justify doing so.

53. Mr. Perry's intentional assault of Mr. Hall was a foreseeable, direct, and proximate cause of Mr. Hall's injuries described above.

54. Due to Mr. Perry's intentional assault, Mr. Hall remains in a status of permanent aggravated conditions and new conditions as described above. He has required and will continue to require medically necessary treatment for potentially the rest of his life, to his economic damage reasonably valued at $50,000.00. This claim is subject to amendment to conform to the

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

evidence.

55.     Due to Mr. Perry's intentional assault, Mr. Hall suffered, suffers, and will continue to suffer immense lost quality of life, posttraumatic stress disorder, nightmares, audiophobia, weight gain, inability to engage in meaningful and cherished life events, aggravated cognitive and sensory deficits, increased and aggravated emotional distress, suffering, lost companionship, to his noneconomic as determined in accordance with the law by a jury of his peers, but not to exceed $150,000.00.

## COUNT II

## OTCA - BATTERY

56.     The Halls reallege Paragraphs 1-55 and incorporate each by reference as if set forth fully herein.

57.     Mr. Hall alleges Count II against Portland.

58.     At said time and place, and despite the knowledge articulated in Paragraph 50, Mr. Perry intended to cause harmful and/or offensive contact with Mr. Hall's person when he struck Plaintiff with his baton, without any lawful basis to do so.

59.     At said time and place, Mr. Perry did actually cause a harmful and offensive contact with Mr. Hall's person when he struck Mr. Hall with his baton, without any lawful basis to do so.

60.     Mr. Perry's intentional battery of Mr. Hall was a foreseeable, direct, and proximate cause of the Halls' injuries described above.

61.     Due to Mr. Perry's intentional battery, Mr. Hall remains in a status of permanent aggravated conditions and new conditions as described above. He has required and will continue to require medically necessary treatment for potentially the rest of his life, to his economic

10 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

damage reasonably valued at $50,000.00. This claim is subject to amendment to conform to the evidence.

62.     Due to Mr. Perry's intentional battery, Mr. Hall suffered, suffers, and will continue to suffer immense lost quality of life, posttraumatic stress disorder, nightmares, audiophobia, weight gain, inability to engage in meaningful and cherished life events, aggravated cognitive and sensory deficits, increased and aggravated emotional distress, suffering, lost companionship, to his noneconomic as determined in accordance with the law by a jury of his peers, but not to exceed $150,000.00.

## COUNT III

## FOURTH AMENDMENT – EXCESSIVE FORCE

## (MR. PERRY)

63.     The Halls reallege Paragraphs 1-62 and incorporate each by reference as if set forth fully herein.

64.     The Halls allege Count III against Mr. Perry.

65.     At all material times, and in all ways material to the claims set forth, Mr. Perry acted under color of state and municipal law.

66.     At said time and place, Mr. Perry used force that was objectively unreasonable under the circumstances. To wit:

   a) He was attempting to respond to a peaceful demonstration;

   b) Mr. Hall was clearly segregated and not a part of said peaceful demonstration;

   c) Mr. Perry did not make any lawful orders against Mr. Hall, nor did Mr. Hall disobey any lawful orders;

   d) Mr. Perry had neither reasonable suspicion nor probable cause to believe Mr. Hall

11 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

had or was in the process of or intending to commit a crime;

e) Mr. Hall stood on a sidewalk which he had a lawful right to stand on; and

f) Mr. Hall did act in any other way which justified the imposition of violence against his person.

67. Mr. Perry's conduct violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unreasonably excessive force.

68. At said time and place, it was clearly established law, and all reasonable officers knew, that innocent bystanders merely standing one to two blocks away from a demonstration had a right to be free from any force whatsoever, and that the imposition of any such force violated would violate their constitutional right to be free from unreasonably excessive force.

69. Mr. Perry's violation of Mr. Hall's constitutional right to be free from unreasonably excessive force was a foreseeable, direct, and proximate cause of the Halls' injuries described above, causing damages including past and future medical expenses, loss of enjoyment and quality of life, pain, suffering, emotional distress, injury, and loss of consortium and companionship, in an amount to be determined in accordance with the law by a jury of the Halls' peers at trial.

## COUNT IV
## *MONELL* LIABILITY – FAILURE TO TRAIN
## (PORTLAND)

70. The Halls reallege Paragraphs 1-69 and incorporate each by reference as if set forth fully herein.

71. The Halls allege Count IV against Portland.

72. At all material times, Portland, by and through PPB, knew that U.S. citizens have

12 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

a constitutional right to merely stand on a street and take photographs.

73. At all material times, PPB and Portland, and each of them, knew that demonstrations occurring in downtown Portland, even ones where PPB and Portland had a legitimate right to disrupt and arrest said demonstrators, occurred around and near public locations where non-demonstrators, such as Mr. Hall, congregated.

74. At all material times, PPB and Portland, and each of them, knew that when lawfully disbursing demonstrations, there was substantial risk of severe injury occurring to innocent civilians, such as Mr. Hall.

75. Despite the knowledge articulated above, PPB and Portland were deliberately indifferent to the risk of harm to innocent civilians in how they charged their officers to respond to demonstrations. To wit:

   a) Official PPB and/or Portland policy established that police officers could attack peaceful demonstrations with grenade launchers, disbursing contents to not just demonstrators but people anywhere in the nearby vicinity;

   b) Official PPB and/or Portland policy failed to train officers in ways designed to assess the danger to citizens lawfully congregating in the nearby vicinity of demonstrations the officers were charged to disburse;

   c) Official PPB and/or Portland policy failed to establish, or expressly allowed, police officers to use force on U.S. citizens clearly not involved in demonstrations the officers intended to disburse; and

   d) Official PPB and/or Portland failed to create any policy mandating that officers render first aid to innocent bystanders injured by police without justification.

76. At all times material herein, U.S. citizens such as Mr. Hall had a constitutional

13 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com

right, and Portland by and through PPB therefore had a duty to provide for means to protect, their right to lawfully congregate in public areas without fear of unjustified attack by police officers.

77.     PPB's and Portland's failures to establish and/or express establishment of the policies above were a foreseeable, direct, and proximate cause of the Halls' injuries described above, causing damages including past and future medical expenses, loss of enjoyment and quality of life, pain, suffering, emotional distress, injury, and loss of consortium and companionship, in an amount to be determined in accordance with the law by a jury of the Halls' peers at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor against Defendants, awarding compensatory damages, costs and attorneys' fees, against each of the Defendants, and for such further additional relief as this Court may deem appropriate and just.

## JURY DEMAND

The Halls demand trial by jury.

**DATED**: **April 6, 2020.**                                                        Respectfully Submitted,

**Rizk Law, P.C.**

s/ Alexander W. Pletch
Alexander W. Pletch, OSB 174834
Richard H. Rizk, OSB 901105
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F:  (503) 427-1919
alex@rizklaw.com
Attorneys for Plaintiff

14 – Second Amended Complaint

Rizk Law, P.C.
0434 SW Iowa Street
Portland, OR 97239
Ph: (503) 245-5677
F: (503) 427-1919
alex@rizklaw.com